UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA :
:
v. : CR No. 04-36T
:
RASHEEM MILES :

**AMENDED[1]**
**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

This matter has been referred to me pursuant to 28 U.S.C. § 636(b)(1)(B) and 18 U.S.C. § 3401(i) for proposed findings of fact concerning whether Defendant is in violation of the terms of his supervised release and, if so, to recommend a disposition of this matter. In compliance with that directive and in accordance with 18 U.S.C. § 3583(e) and Fed. R. Crim. P. 32.1, hearings were held on January 20, 2005 and September 14, 2005, at which time Defendant, through counsel and personally, admitted that he was in violation of his supervised release conditions as to the charged violations. At the first hearing, I ordered Defendant released on conditions pending my Report and Recommendation and final sentencing before Chief Judge Torres. At the second hearing, I ordered Defendant detailed pending final sentencing because Defendant had severed contact with his Probation Officer for approximately three months. Based upon the following analysis and the admission of Defendant, **I recommend that Defendant be committed to the Bureau of Prisons**

---

[1] This Amended Report and Recommendation supercedes and replaces this Court's prior Report and Recommendation dated January 27, 2005.

**for a term of seven months of incarceration followed by a term of supervised release for a period of twenty-nine months, during which time he shall participate in either an inpatient or outpatient substance abuse treatment program as directed by the Probation Department, and Defendant shall provide up to seventy-two drug tests each year as directed by the Probation Department. I further recommend that, while on supervised release, Defendant perform twenty hours of community service each week when not employed on a full-time basis. Finally, I recommend that Defendant be ordered to satisfy his outstanding special assessment balance of $100.00 and his outstanding community confinement balance of seventy-seven days.**

**Background**

On January 7, 2005, the Probation Office petitioned the Court for a Summons to be served on Defendant. On January 11, 2005, the District Court reviewed the request and ordered the issuance of a Summons. Defendant appeared in Court on January 20, 2005, for a hearing. Defendant admitted to the following charge at that time:

> **The defendant shall serve the first five months of supervised release in community confinement.**
>
> Mr. Miles has failed to successfully complete five months of supervised release in community confinement.

On April 12, 2005, the Probation Office petitioned the Court for the issuance of a warrant for Defendant's arrest. On April 12, 2005, the District Court reviewed the request and ordered the issuance of a warrant. Defendant's whereabouts were unknown for a period of time until he was arrested and appeared before this Court on September 14, 2005. On that date, Defendant knowingly

and voluntarily admitted to the following two additional charges and waived his right to a revocation hearing under Fed. R. Crim. P. 32.1(b)(2):

> **The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month.**
>
> Mr. Miles has failed to submit written monthly supervision reports due on November 5, 2004, December 5, 2004, January 5, 2005, February 5, 2005, March 5, 2005, April 5, 2005, May 5, 2005, June 5, 2005 and July 5, 2005.
>
> **The defendant shall notify the probation officer at least ten days prior to any change in residence or employment.**
>
> Mr. Miles was released from the Norfolk County Correctional Center in Dedham, Massachusetts on June 9, 2005, and his present whereabouts is unknown since he has not reported his current residence to the Probation Department.

As Defendant has admitted these charges, I find he is in violation of the terms and conditions of his supervised release.

**Recommended Disposition**

Title 18 U.S.C. § 3583(e)(2) provides that if the Court finds defendant violated a condition of supervised release, the court may extend the term of supervised release if less than the maximum authorized term was previously imposed. Here, the maximum term of supervised release was previously imposed, therefore, the term cannot be extended.

Section 3583(e)(3), 18 U.S.C., provides that the Court may revoke a term of supervised release and require the defendant to serve in prison all or part of the term of supervised release authorized by statute without credit for time previously served on post release supervision, except

that a defendant may not be required to serve more than two years if the offense for which supervised release was ordered is a Class C felony. The underlying felony here was a Class C felony.

Section 3583(h), 18 U.S.C., and § 7B1.3(g)(2) of the United States Sentencing Guidelines ("USSG"), provide that when a term of supervised release is revoked and the defendant is required to serve a term of imprisonment that is less than the maximum term of imprisonment authorized, the Court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release.

Section 7B1.1 provides for three grades of violations (A, B, and C). Subsection (b) states that where there is more than one violation, or the violation includes more than one offense, the grade of violation is determined by the violation having the most serious grade.

Section 7B1.1(a) notes that a Grade A violation constitutes conduct which is punishable by a term of imprisonment exceeding one year that (i) is a crime of violence, (ii) is a controlled substance offense, or (iii) involves possession of a firearm or destructive device; or any other offense punishable by a term of imprisonment exceeding twenty years. Grade B violations are conduct constituting any other offense punishable by a term of imprisonment exceeding one year. Grade C violations are conduct constituting an offense punishable by a term of imprisonment of one year or less; or a violation of any other condition of supervision.

Section 7B1.3(a)(1) states that upon a finding of a Grade A or B violation, the Court shall revoke supervision. Subsection (a)(2) provides that upon a finding of a Grade C violation, the court may (A) revoke supervised release; (B) extend the term of supervised release; or (C) modify the conditions of supervised release. Here, the Defendant committed a Grade C violation and the statutory maximum term of supervised release has already been imposed. Therefore, the Court may not extend supervision, but may revoke or modify supervision.

Section 7B1.3(c)(1) provides that where the minimum term of imprisonment determined under § 7B1.4 is at least one month, but not more than six months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in § 5C1.1(e) for any portion of the minimum term.

Section 7B1.3(d) states that any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation shall be ordered to be paid or served in addition to the sanction determined under Section 7B1.4 (Term of Imprisonment), and any such unserved period of confinement or detention may be converted to an equivalent period of imprisonment. In this case, Defendant has an outstanding special assessment balance of $100.00. In addition, since Defendant was a resident at the Adult Correctional Institution Work Release Program from October 26, 2004 to January 7, 2005 and he had a projected release date of March 25, 2005, he has an outstanding community confinement balance of seventy-seven days.

Section 7B1.3(g)(2) provides that where supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment imposable upon revocation, the defendant may, to the extent permitted by the law, be ordered to recommence supervised release upon the completion of his imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release. The statutory maximum term on the original offense was supervised release for three years, and Defendant received the maximum.

Section 7B1.4(a) provides that the criminal history category is the category applicable at the time the defendant originally was sentenced to a term of supervision. The presentence report for this case indicates that a **criminal history category of II** applied at the original sentencing. Section 7B1.4(a) also provides that for a Grade C violation with a Criminal History category of II, an imprisonment range of **four to ten months** is warranted.

Section 7B1.5(b) provides that, upon revocation of supervised release, no credit shall be given toward any term of imprisonment ordered, for time previously served on post-release supervision.

**Offender's Characteristics**

Defendant pled guilty to possessing and passing counterfeit United States currency in violation of 18 U.S.C. § 472. Defendant's range of incarceration for that offense under the USSG was ten to sixteen months. On July 21, 2004, Defendant was sentenced by Chief Judge Torres who apparently gave Defendant some "credit" by sentencing him to the low end (ten months) and

exercising his discretion, pursuant to § 5C1.1(d)(2), to order that one-half of that term be served by Defendant in a community confinement program.

Unfortunately, Defendant has not been able to successfully complete his sentence of community confinement. Defendant has either been unable or unwilling to take advantage of the "credit" given to him by Chief Judge Torres and he has been dismissed from two community confinement programs for basic rules violations.

First, Defendant was dismissed from the Coolidge House Comprehensive Center in Boston, Massachusetts on September 22, 2004 after a two-month stay for admittedly purchasing and consuming alcohol in violation of the Center's rules. Second, Defendant was dismissed from the A.C.I. Work Release Program in Cranston, Rhode Island on January 7, 2005 after a little over a two-month stay for several admitted rules violations.

While on release pending final sentencing for the initial supervised release violation charge brought against him, Defendant was arrested and incarcerated for a domestic assault and battery charge. Although this charge was ultimately dismissed, Defendant severed contact with his probation officer after his release from incarceration on or about June 9, 2005. Defendant consistently failed to submit written monthly supervision reports to his probation officer and also failed to notify his probation officer of his change in residence following his release from incarceration. At Defendant's first revocation hearing before this Court on January 20, 2005, this Court released Defendant on the condition that he maintain his residence with his sister in Massachusetts. Defendant discontinued that living arrangement without notifying his probation

officer or this Court. At the second revocation hearing, Defendant did not give any clear indication as to where he was residing for the last three months.

While this Court has no desire to return Defendant to incarceration at this point in time, this Court does not see any viable alternatives due to Defendant's behavior. He repeatedly failed to successfully complete his term of community confinement. If this Court recommended that Defendant be returned to one of his prior community confinement programs or to a new program, it would send the wrong message to the participants in those programs that there is no penalty for violating the rules and that if you do not like a particular program, you can violate the rules and obtain a transfer. Thus, Defendant must suffer some consequence for his poor behavior in community confinement. Defendant was fortunate enough to receive a second chance in community confinement, and he wasted it. This Court cannot in good conscience recommend that Defendant get a third chance.

As to Defendant's second round of violations, he violated my conditions of release and also blatantly violated his supervised release conditions by severing all contact with his probation officer. Both the Probation Office as well as the Marshal Service expended significant resources in locating Defendant. Although Defendant apologized for his behavior, he candidly admitted that he knew that he should have spoken to his Probation Officer. Defendant's behavior is frustrating and suggests either an unwillingness or an inability to meet even the most basic requirements of supervised release. As was explained to Defendant at the second revocation hearing, his period of supervised release is part of his "debt to society" for his crime, and he needs to successfully complete supervised release in order to put this matter behind him and move on with his life.

The Government requested that this Court recommend a term of imprisonment "at the top of the range," or ten months. Defendant should get some credit for admitting and accepting responsibility for the violation. Defendant's attorney also asked this Court to take into consideration Defendant's relatively young age and that Defendant had been convicted of a nonviolent offense. At the second hearing, Defendant's attorney argued that this Court should consider a five-month sentence as was recommended in this Court's first Report and Recommendation dated January 27, 2005. This Court does not agree. Although it appears Defendant did not revert to serious criminal behavior or engage in drug use, he violated this Court's trust in him and ran from his obligations in this case, and some additional punishment is warranted.

Taking all of these factors into consideration and giving Defendant appropriate credit for admitting the violation and apologizing for his behavior, this Court recommends that Defendant serve a term of seven months of incarceration. This seven-month sentence along with the five-month sentence already served by Defendant barely exceeds the ten-month minimum for Defendant's underlying conviction. This seems appropriate in view of Defendant's failure (twice) to successfully complete his sentence of community confinement and his fugitive status and blatant violation of his reporting requirements.

**Conclusion**

After considering the various factors set forth in 18 U.S.C. § 3553(a), **I recommend that Defendant be committed to the Bureau of Prisons for a term of seven months of incarceration followed by a term of supervised release for a period of twenty-nine months, during which time he shall participate in either an inpatient or outpatient substance abuse treatment**

**program as directed by the Probation Department, and Defendant shall provide up to seventy-two drug tests each year as directed by the Probation Department. I further recommend that, while on supervised release, Defendant perform twenty hours of community service each week when not employed on a full-time basis. Finally, I recommend that Defendant be ordered to satisfy his outstanding special assessment balance of $100.00 and his outstanding community confinement balance of seventy-seven days.**

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of Court within ten (10) days of its receipt. Rule 32, Local Rules of Court; Fed. R. Civ. P. 72(b). Failure to file specific objections in a timely manner constitutes a waiver of the right to review by the District Court and the right to appeal the District Court's Decision. United States v. Valencia-Copete, 792 F.2d 4 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980).

LINCOLN D. ALMOND
United States Magistrate Judge
September 19, 2005